IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.                                         No. CV 16-00675 MCA/KBM
                                             No. CR 05-01618 MCA

DANIEL ROJAS,

        Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under rule 4(b) of the Rules Governing Section 2255 Proceedings on the Motion to Set Aside the Judgment and Correct the Sentence Pursuant to 28 U.S.C. § 2255 filed by Movant Daniel Rojas on June 24, 2016 (CV Doc. 1; CR Doc. 42). Rojas seeks to vacate and correct his sentence under *Johnson v. United States,* 578 U.S. ___, 135 S.Ct. 2551 (2015). The Court determines that Rojas is not eligible for relief under *Johnson* and will dismiss the Motion.

## FACTUAL AND LEGAL BACKGROUND

Rojas was indicted on August 23, 2005 on five counts: Count 1 and Count 3—18 U.S.C. § 1951(a)(1) Interference with Commerce by Threats or Violence; Count 2 and Count 4—18 U.S.C. § 924(c)(1)(A)(ii) Using and Carrying a Firearm During and in Relation to a Crime of Violence; and Count 5—18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) Felon in Possession of a Firearm and Ammunition. (CR Doc. 16). The Superceding Indictment stated:

> "Count 3 On or about 1st day of July, 2005, in Bernalillo County, State and District of New Mexico, the defendant, Daniel Rojas, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect,

1

> commerce . . .by robbery as that term is defined in Section 1951, in that the defendant did unlawfully take and obtain personal property consisting of cash form the presence of Emad Al-Sultan, who was operating the Better Deal Auto Sales, against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, that is, by shooting him with a firearm at the Better Deal Auto Sales."
>
> "Count 4 On or about the 1st day of July, 2005, in Bernalillo County, State and District of New Mexico, the defendant, Daniel Rojas, did use and carry a firearm, that is, a pistol, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely Interference with Commerce by threats and violence as charge in Count 3 of this Indictment. . ."

(CR Doc. 16 at 2-3). On February 2, 2006, Rojas entered into a rule 11(c)(1)(C) Plea Agreement in which he pled guilty to Counts 3 and 4 of the Superceding Indictment and agreed to a 24-year term of imprisonment. (CR Doc. 32 at 2-3). Rojas was then sentenced to the agreed term of imprisonment of 24 years. (CR Doc. 40).

Rojas filed his Motion under 28 U.S.C. § 2255 on June 24, 2016. (CV Doc. 1; CR Doc. 42). Rojas contends that *Johnson* invalidates the residual clause of 18 U.S.C. § 924(c)(3)(B) and that Hobbs Act robbery is not a crime of violence as defined in the elements or force clauses of § 923(c). (CV Doc. 1 at 4-17; Cr Doc. 42 at 4-17).

## APPLICABLE LAW ON *JOHNSON V. UNITED STATES* AND SECTION 2255 COLLATERAL REVIEW

Rojas seeks collateral review of his sentences in CR 07-02238 and CR 08-03048 under 28 U.S.C. § 2255. Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255(a). Because Rojas seeks collateral review more than a year after his sentences became final, he relies on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review in *Johnson* and *Welch v. United States,* 578 U.S. ___, 136 S.Ct. 1257 (2016). See 28 U.S.C. § 2255(f)(3).

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924 (e)(2)(B). The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague. 135 S.Ct. at 2555-2563. The language of § 924(e)(2)(B)(i), which defines "violent felony" to mean a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as the "element" or "force" clause. The "enumerated" clause is the language of § 924(e)(2)(B)(ii) that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies. The Supreme Court expressly stated that its holding with respect to the residual clause does not call into question application of the Act to the four enumerated offenses or the

3

remainder of the definition of a violent felony in § 924(e)(2)(B). 135 S.Ct. at 2563. Therefore, the *Johnson* decision has no application to sentences enhanced under the force or element clause of § 924(e)(2)(B)(i) or the enumerated clause of § 924(e)(2)(B)(ii).

## ANALYSIS OF MOVANT ROJAS' CLAIM

### I. *JOHNSON* DOES NOT CLEARLY INVALIDATE THE RESIDUAL CLAUSE OF § 924(c):

Rojas' sentence was not enhanced under § 924(e)(2)(B) of the ACCA. Instead, Rojas argues that the *Johnson* ruling should be applied to the residual clause of 18 U.S.C. § 924(c). The question of whether *Johnson* applies to invalidate the residual clause language of § 924(c) is an unsettled question. In *Johnson,* the Supreme Court indicated that its ruling did not place the language of statutory provisions like the § 924(c)(3)(B) residual clause in constitutional doubt. 135 S.Ct. at 2561.The lower courts have divided on the question of application of the *Johnson* ruling to § 924(c) and similarly-worded provisions. Compare *United States v. Hill*, 832 F.3d 135, 146 (2nd Cir. 2016), *United States v. Taylor,* 814 F.3d 340, 375-79 (4th Cir. 2016), and *United States v. Prickett*, 839 F.3d 697, 699 (8th Cir. 2016) ( declining to find § 924(c) void for vagueness) with *United States v. Vivas-Ceja,* 808 F.3d 719, 723 (7th Cir. 2015) (finding language similar to § 924(c) void for vagueness); *Dimaya v. Lynch,* 803 F.3d 1110, 1120 (9th Cir. 2015) (holding similar language in the Immigration and Nationality Act void); *In re Smith*, ___ F.3d ___, 2016 WL 3895243 at *2-*3 (11th Cir. 2016) (noting the issue but not deciding it in the context of an application for permission to file a second or successive § 2255 motion).

Courts have cited several grounds that distinguish the ACCA § 924(e)(2)(B) residual clause from § 924(c)(3)(B). First, the statutory language of § 924(c)(3)(B) more narrowly defines "crime of violence" based on physical force rather than physical injury. While the ACCA residual clause simply requires conduct "that presents a serious potential risk of physical injury

4

to another," § 924(c)(3)(B) requires the risk "that *physical force* against the person or property of another may be used *in the course of* committing the offense." 18 U.S.C. § 924(c)(3)(B) (emphasis added). By requiring that the risk of physical force arise "in the course of" committing the offense, the language of § 924(c)(3)(B) mandates that the person who may potentially use physical force be the charged offender. *See United States v. Taylor,* 814 F.3d at 376-77.

Moreover, § 924(c)(3)(B), unlike § 924(e)(2)(B), requires that the felony be one which "by its nature" involves the risk that the offender will use physical force. In *Johnson*, the Supreme Court was concerned with the wide judicial latitude permitted by the ACCA's residual clause language that did not limit a court's inquiry to the elements of the crime. 135 S.Ct. at 2557. Section 924(c)(3)(B), by contrast, does not allow a court to consider risk-related conduct beyond the elements of the predicate crime. The phrase "by its nature" restrains the court's analysis to the risk of force in the offense, itself. *See United States v. Amos,* 501 F.3d 524, 527 (6th Cir.2007), *United States v. Stout,* 706 F.3d 704, 706 (6th Cir.2013). *United States v. Serafin,* 562 F.3d 1105, 1109, 1114 (10th Cir.2009); see *also Leocal v. Ashcroft,* 543 U.S. 1, 10 (2004) (construing the language of 18 U.S.C. § 16(b)).

Second, the *Johnson* Court was concerned that the enumerated crimes in the ACCA, when paired with the residual clause, cause confusion and vagueness in the application of the residual clause. 135 S.Ct. at 2561. The lower courts have noted no similar concerns with § 924(c)(3)(B). The ACCA links the residual clause by the word "otherwise" to the four enumerated crimes. *Johnson,* 135 S.Ct. at 2558. The *Johnson* Court explained that by using the word "otherwise," "the residual clause forces courts to interpret 'serious potential risk' in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives." *Id.* Gauging the level of risk required was difficult because the four listed crimes

5

"are 'far from clear in respect to the degree of risk each poses.' " *Id.* (quoting *Begay v. United States,* 553 U.S. 137, 143, (2008)). Unlike the ACCA, § 924(c)(3)(B) does not link its "substantial risk" standard "to a confusing list of examples." *Johnson,* 135 S.Ct. at 2561.

The *Johnson* Court addressed the fact that the ACCA residual clause requires the application of a categorical approach to analysis of the predicate crime. *Johnson,* 135 S.Ct. at 2557–58. The Court refrained from invalidating the categorical analysis. *Id.* at 2561–62. Instead, the Court stated that the ordinary case analysis *and* the level-of-risk requirement "conspire[d] to make [the statute] unconstitutionally vague," and determined that the concern with the ACCA residual clause was that it combined an overbroad version of the categorical approach with other vague elements. *Id.* at 2557. Statutes like Section § 924(c)(3)(B)'s residual clause do not raise the same analytical concerns when combined with the categorical approach. *Id.* at 2561.

Third, the Supreme Court reached its void-for-vagueness conclusion only after deciding a number of cases calling for interpretation of the clause. *See e.g. James v. United States,* 550 U.S. 192 (2007); *Begay v. United States*, 553 U.S. 137 (2008); *Chambers v. United States*, 555 U.S. 122 (2009); *Sykes v. United States,* 564 U.S. 1 (2011). In *Johnson,* the Court recognized its "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause." 135 S.Ct. at 2558. In the nine years preceding *Johnson,* the Court had applied four different analyses to the residual clause. *See id.* at 2558–59. These inconsistent decisions led to "pervasive disagreement about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider." *Id.* at 2560. By contrast, the Supreme Court has not been called on multiple occasions to articulate a standard applicable to the § 924(c)(3)(B) analysis.

The question of whether the reasoning of *Johnson* should extend to the residual clause of

§ 924(c)(3)(B) remains unsettled. However, the Court need not determine in this case whether *Johnson* should apply to invalidate the residual clause of § 924(c)(3)(B). As set out, below, even if *Johnson* was extended to § 924(c), Rojas' predicate robbery crime comes within the force or element clause, not the residual clause, and he is not eligible for resentencing.[1]

## II. HOBBS ACT ROBBERY IS A CRIME OF VIOLENCE UNDER THE "FORCE" OR "ELEMENT" CLAUSE OF § 924(c):

Under 18 U.S.C. § 924(c)(1)(A), a defendant who "uses or carries" a firearm "during and in relation to any crime of violence" faces a five-year mandatory minimum sentence, to run consecutively to any sentence for the underlying offense. *See United States v. Johnson,* 32 F.3d 82, 85 (4th Cir.1994). If, during the commission of the crime of violence, "the firearm is discharged," the mandatory minimum sentence increases to ten years. *See* § 924(c)(1)(A)(iii). Section 924(c)(3) defines "crime of violence" to mean:

> "[A]n offense that is a felony and—
> (A) has as an element the use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3). Rojas contends that his Hobbs Act robbery conviction does not qualify as a crime of violence under the "force" or "element" clause of § 924(c)(3)(A) and, therefore, must come within the presumably invalid residual clause language of § 924(c)(3)(B). Contrary to Rojas' argument, the robbery crime charged against Rojas clearly has as an element the use, or threatened use of physical force against the person or property of another and support enhancement of his sentence under § 924(c) without resort to the residual clause language.

---

[1] There is also a question as to whether, in light of his 11(c)(1)(C) Plea Agreement to a specified term of imprisonment, Rojas was actually sentenced under § 924(c). See CR Doc. 32 at ¶ 6.a. However, because the Court concludes that, even if he was sentenced under § 924(c), Rojas would not be eligible for resentencing, the Court does not reach the 11(c)(1)(C) issue.

To determine whether a prior conviction constitutes a crime of violence under the force or element clause, the Court employs a categorical approach. *United States v. Perez–Jiminez,* 654 F.3d 1136, 1140 (10th Cir.2011). The Court looks only to the fact of conviction and the statutory definition of the prior offense, and does not generally consider the particular facts disclosed by the record of conviction. *United States v. Wray*, 776 F.3d 1182, 1185 (10th Cir. 2015). Where a statute defines multiple crimes by listing alternative elements, the Court utilizes a modified categorical approach, which permits the Court to look at the charging documents to determine the elements under which the defendant was charged and convicted. *See Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 2248-49 (2016).

The Hobbs Act provides:

> "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery, or extortion or attempts to or conspires to do , or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under or imprisoned not more than twenty years, or both."

18 U.S.C. § 1951(a). The Hobbs Act defines "robbery" to mean:

> "The unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual of threatened force, or violence or fear of injury, immediate or future, to his person or property."

18 U.S.C. § 1951(b)(1).

The Circuit courts are in agreement that Hobbs Act robbery is a crime of violence under the force clause of § 924(c). *See Hill,* 832 F.3d 135, 144 (2nd Cir. 2016) ("[W]e agree ... that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' "); *see also United States v. Howard*, 650 Fed. App'x 466, 468 (9th Cir. 2016) (explaining "that Hobbs Act robbery indisputably qualifies as a crime of violence under" § 924(c)(3)(A)) (internal quotes and brackets omitted); *see also In re*

*Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) (holding that Hobbs Act robbery "meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A)"); *Cf. United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) (concluding that defendant's Hobbs Act robbery conviction qualifies as a serious violent felony under 18 U.S.C. § 3559(c) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another").

The courts have uniformly ruled that federal statutory crimes involving takings by force, violence, or intimidation, have as an element the use, attempted use, or threatened use of physical force. In *United States v. Boman,* 810 F.3d 534 (8th Cir.2016) the Eighth Circuit held that robbery in the special maritime and territorial jurisdiction of the United States under 18 U.S.C. § 2111 satisfied the similarly worded force clause in the Armed Career Criminal Act ("ACCA"), because it required a taking "by force and violence, or by intimidation." *Boman,* 810 F.3d at 542–43. The Second and Eleventh Circuits reached the same conclusion with respect to the carjacking statute, 18 U.S.C. § 2119. *See United States v. Moore,* 43 F.3d 568, 572–73 (11th Cir.1994); *United States v. Mohammed,* 27 F.3d 815, 819 (2d Cir.1994). The Fourth Circuit expressly stated in *Adkins,* that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' " *See* 937 F.2d at 950 n. 2 (quoting 18 U.S.C. § 924(c)(3)(A)). The courts have also consistently determined that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which contains force clause language nearly identical to the § 924(c)(3) force clause. *See Johnson v. United States,* 779 F.3d 125, 128–29 (2d Cir.2015); *United States v. Davis,* 915 F.2d 132, 133 (4th Cir.1990); *United States v. Maddalena,* 893 F.2d 815, 819 (6th Cir.1989); *United States v. Jones,* 932 F.2d 624, 625 (7th Cir.1991);

*United States v. Wright,* 957 F.2d 520, 521 (8th Cir.1992); *United States v. Selfa,* 918 F.2d 749, 751 (9th Cir.1990). Under the law, a robbery "by force and violence" entails the use of physical force.

Rojas points to the "fear of injury" language in the statute and contends that a conviction based on "fear of injury" is insufficient to constitute a crime of violence. However, Rojas was expressly charged with and pled guilty to robbery by means of actual and threatened force, violence, ***and*** fear of injury. (CR Doc. 16 at 2-3; Doc. 32 at 2). He was charged with and convicted of robbery by force as well as robbery by violence and fear of injury. Regardless of whether "fear of injury" has as an element the threatened use of physical force, Rojas was convicted of crimes that include an element that is the use, attempted use, or threatened use of physical force. *Hill,* 832 F.3d at 144. Rojas' sentence was properly enhanced under the force clause of § 924(c)(3)(A) and without resort to the residual clause of § 924(c)(3)(B), he is not entitled to relief, and the Court will dismiss his Motion under rule 4(b) of the Rules Governing Section 2255 Proceedings.

Under 28 U.S.C. § 2253(c)(1) and (3), the Court determines that Rojas has made a substantial showing of denial of a constitutional right. The Court will, therefore, grant a certificate of appealability. *See* rule 11(a) of the Rules Governing Section 2255 Proceedings.

**IT IS ORDERED** that the Motion to Set Aside the Judgment and Correct the Sentence Pursuant to 28 U.S.C. § 2255 filed by Movant Daniel Rojas on June 24, 2016 (CV Doc. 1; CR Doc. 42) is **DISMISSED** under rule 4(b) of the Rules Governing Section 2255 Proceedings; and a Certificate of Appealability is **GRANTED** under rule 11(a).

_____
UNITED STATES DISTRICT JUDGE